UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| TONY L. GRIGSBY, | ) | No. CV 12-07062-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER |
| | ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") should have

obtained vocational expert testimony. (JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ WAS NOT REQUIRED TO OBTAIN VOCATIONAL EXPERT TESTIMONY**

Plaintiff contends that in this case the ALJ erred by not obtaining vocational expert ("VE") testimony, particularly with regard to the impact on the job base of non-exertional impairments.

In determining Plaintiff's residual functional capacity ("RFC"), the ALJ accepted the most limiting elements of Plaintiff's consultative examiner's opinions, and concluded that Plaintiff can perform sedentary work with occasional lifting and carrying of objects that weigh up to 20 pounds; standing and walking for no more than two of eight hours, cumulatively; can no more than occasionally perform postural changes; and can do no more than frequent reaching overhead with either upper extremity. (AR 14.)

It should be noted that Plaintiff does not disagree with the RFC; rather, it is Plaintiff's contention that after the ALJ concluded at Step Four of the sequential evaluation process that he can no longer do his prior relevant work, a VE was necessary to determine the impact of Plaintiff's non-exertional impairments on the job base, and ultimately, whether Plaintiff could perform any full time work.

**A.    Applicable Law.**

Once Plaintiff has established that he is unable to return to his

1  past relevant work, the burden shifts to the Commissioner to establish
2  whether there are other jobs which exist in significant numbers which
3  Plaintiff can perform, considering his age, education, residual
4  functional capacity, and vocational profile.  The Commissioner can
5  meet this burden either by utilizing the Medical Vocational Guidelines
6  ("Grids") in Appendix 2, Subpart P, 20 C.F.R. Part 404 or by calling
7  upon the services of a vocational expert.  Tackett v. Apfel, 180 F.3d
8  1094, 1101 (9th Cir. 1999).

      Pertinent principles regarding application of the Grids are articulated by the Ninth Circuit in Polny v. Bowen, 864 F.2d 661 (9th Cir. 1988), where the following discussion ensued:

> "The major issue on appeal is whether the administrative law judge erred in applying the grids in this case where the applicant's impairment was not exertional. The Secretary argues that Polny had no 'significant nonexertional restriction' and so the application of the grids was appropriate. In Razey v. Heckler, 785 F.2d 1426 (9th Cir.), modified 794 F.2d 1348 (1986), we held that where an applicant had both exertional and nonexertional limitations the use of the grids was permissible. That decision, in accord with other authority - e.g., Lebron v. Secretary of Health and Human Services, 747 F.2d 818 (1st Cir. 1984) - recognizes the force of the Secretary's own regulations which state that the grids apply where an individual has a 'combination of impairments resulting in both strength limitations and nonexertional limitations.' 20 C.F.R. Pt. 404, Subpt. P, App. 2, §200.00(e)(2)."

(864 F.2d at 663.)

In Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576-577 (9th Cir. 1988), the Court held that Social Security law does not preclude application of the Grids in cases which present non-exertional limitations: "The ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by her exertional limitations." (Id. at 577.)

The Commissioner's own regulations and rulings are also consistent in defining the scope and limits of the applicability of the Grids. In Social Security Ruling ("SSR") 83-14, the following illustrative discussion is found:

> "Section 200.00(e)(2) of Appendix 2 provides that, 'where an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations. Also, in these combinations of nonexertional and exertional limitations which cannot be wholly determined under the rules in this Appendix 2, full consideration must be given to all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations, which will provide

4

      insight into the adjudicative weight to be accorded each factor.'"
(SSR 83-14.)

    SSR 83-14 also notes that:

> "A particular additional exertional or nonexertional limitation may have very little effect on the range of work remaining that an individual can perform. The person, therefore, comes very close to meeting a table rule which directs a conclusion of 'Not disabled.' On the other hand, an additional exertional or nonexertional limitation may substantially reduce a range of work to the extent that an individual is very close to meeting a table rule which directs a conclusion of 'Disabled.'"

(SSR 83-14.)

    Numerous examples are provided in the regulations. In SSR 83-14, for example, it is noted that in jobs at the medium level of exertion, there would be more of a likelihood of a requirement to ascend or descend ladders and scaffolding, to kneel, and crawl, but "limitations of these activities would not significantly affect the occupational base." SSR 83-14 notes that where it is clear that additional non-exertional limitations or restrictions have very little effect on the exertional occupational base, the conclusions directed by the Grids would not be affected. In cases where such limitations have significantly eroded the exertional job base, it is directed that the remaining portion of the job base will guide the decision. It is only "where the adjudicator does not have a clear understanding of the

effects of additional limitations on the job base, [that] the services of a VS [vocational expert] will be necessary." (SSR 83-14.)

**B. <u>Analysis</u>.**

The existence of nonexertional impairments does not, <u>per se</u>, require that the ALJ elicit testimony from a VE.

<u>See</u>, Applicable Law, <u>supra</u>, and <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1063 (9th Cir. 1990); <u>Desrosiers v. Sec'y of Health & Human Srvs</u>, 846 F.2d 573, 577 (9th Cir. 1988).

Here, the ALJ found that Plaintiff could perform the exertional requirements for sedentary work. (AR 12.) Utilizing the exertional requirements of sedentary work found at 20 CFR § 416.967(a), it is noted that this is work primarily performed in a seated position with occasional standing and walking. The nonexertional limitations assessed in Plaintiff's case by the ALJ were that he could no more than occasionally perform postural changes and could no more than frequently reach overhead from either upper extremity. (AR 12.) The question, then, is whether substantial evidence supports the ALJ's conclusion that neither of these two nonexertional limitations was of a level of severity that would require input from a VE.

With regard to the limitation to no more than occasional postural changes, both the Commissioner and the Dictionary of Occupational Titles ("DOT") define "occasional" as an activity or a condition that exists up to one-third of the time. (<u>See</u> SSR 840-10.) As to postural changes, these include climbing, balancing, stooping, kneeling, crouching and crawling. <u>See</u> 20 CFR § 416.969a(C)(vi); SSR 840-14).

Sedentary jobs require that the individual perform tasks mostly in a seated position with limited walking and standing, and the

6

regulations provide that postural movements "are not usually required" and any limitations on postural movements "would not usually erode an occupational base" for sedentary work. (See SSR 96-7p.) Since sedentary work is performed primarily in a seated position, no significant stooping is required. Thus, Plaintiff's postural limitation in the nonexertional area did not significantly limit the availability of sedentary work.

Further, a limitation to occasional performance of nonexertional tasks does not amount to a level of severity which would typically erode the occupational base.

With regard to the nonexertional limitation to no more than frequent reaching overhead with either upper extremity, the Commissioner and DOT define "frequent" as an activity or condition which exists from one-third to two-thirds of the time. (See SSR 83-10.) Plaintiff is not an individual who is incapable of performing any work at or above his shoulder level. A limitation to frequent overhead reaching does not amount to a level of severity or significance that would erode the occupational base and thus might require testimony from the VE. (See SSR 83-14.)

In sum, the nonexertional limitations which the ALJ found, and with which Plaintiff does not disagree, are not of such severity as to have either required the ALJ to seek the testimonial assistance of a VE, or which would have precluded reliance on the Medical Vocational Guidelines, 20 CFR Part 404, Subpt, B, Appendix 2 (the "Grids"). Because the ALJ correctly and permissibly relied upon the Grids, which directed a finding of non-disability, the ALJ was not required to specifically identify other jobs at Step Five of the sequential evaluation process. See Odle v. Heckler, 707 F.2d 439, 440 (9th Cir.

1983).

For the foregoing reasons, the Court rejects Plaintiff's single issue asserting grounds for relief, and, finding that the Decision is supported by substantial evidence, affirms the ALJ's Decision and orders the case dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: June 18, 2013                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE